IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY W. LANGLEY, ) | |
| TIMOTHY B. JONES and ) | |
| MATTHEW WILSON, ) | |
| ) | |
| v.  ) | Case No.  23-CV-192 |
| ) | |
| BRENDAN KELLY, in his official ) | |
| capacity as Director of the Illinois ) | |
| State Police, and COLE PRICE SHANER, ) | |
| in his official capacity as States Attorney of ) | |
| Crawford County, Illinois, ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiffs, by and through their attorneys, Thomas G. Maag and the Maag Law Firm, LLC, and for the Motion for Preliminary Injunction, states as follows:

### INTRODUCTION

Plaintiffs are gun owners in Illinois.  In a lame duck session of the Illinois legislature, the Genera Assembly passed, and the governor signed, in said lame duck session, that did not comport with proper procedural requirements, an expansive firearm and accessory ban (See complaint for text of public act).  Said ban purported to ban the most common firearms and ammunition feeding devices both in Illinois and nationally.  The ban required self incrimination by existing owners, and barred new acquisitions of the most popular firearms and magazines in the United States today.

The ban itself, both as to firearms and magazines, is so vague, much of it is undecipherable'  In any event, it plainly violates the 2nd, 5th and 14th Amendments.

### REQUESTED RELIEF

Plaintiffs seek, at this juncture, a preliminary injunction. Defendants, at this juncture, have been formally served. Defendant Kelly has filed a Notice of Removal, and clearly has notice of this file. In fact, on the morning that this motion was filed, the undersigned personally advised one of the attorneys in the Illinois Attorney General's Office, who represented that she was assigned to work on this case, that this motion was being filed. At a minimum, they are actually aware of this lawsuit. In fact, Defendant Shaner personally called the undersigned on the phone, and mentioned his unhappiness with this lawsuit.

That Plaintiffs request an in person evidentiary hearing on this motion, at the Court's earliest convenience, provided that the parties have at least seven days notice of said date, so as to be able to coordinate parties and witnesses.

## STANDARDS ON PRELIMINARY INJUNCTIONS

Four factors are addressed in considering a preliminary injunction, Plaintiffs shall address each.

The standard for issuing a preliminary injunction is well established. A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Doe v. Harris*, 772 F.3d 563, 570 (9th Cir. 2014). Plaintiff will address each point.

**Plaintiff must be likely to succeed on the merits of the action**

In this case, Plaintiffs are very likely to succeed on the merits on this action.

Plaintiffs are very likely to succeed on the merits. Even Defendant Shaner, at least out of Court, has basically admitted same in his January 17, 2023, statement. (Ex. B). As noted in the

Pulaski affidavit (Ex. A), all of the challenged items are commonly owned and popular. Several provisions of the Act are so vague and to be undecipherable not only by ordinary people, but even by experts. Ex. A. And part of the Act, the registration requirement, violates the right against self incrimination.

It is worth noting that at least one Illinois judge has, at the time of filing this, entered a TRO against the Public Act, citing much the same reasoning as is articulated herein. (Ex. C). The bottom line is, under the *New York Rifle and Pistol Association v Bruen* test, this ban fails, as it purports to totally ban, the most popular bearable arms sold in Illinois, and the most popular integral components of same, the magazines.

**Plaintiff must be likely to suffer irreparable harm if an injunction is not issued**

As noted in *Ezell v. City of Chicago*, 651 F. 3d 684 - Court of Appeals, 7th Circuit 2011, the violation of the right to keep and bear arms under the second amendment is irreparable harm. The first step is satisfied.

**Balance of equities must tip in Plaintiff's favor (in other words, the damage to Defendant if the injunction is granted when it shouldn't have been must be less than the damage caused to Plaintiff if the injunction wasn't granted and should have been)**

Under *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 142 S. Ct. 2111 - Supreme Court 2022, it is clear that Plaintiff's Second and 14th Amendment rights are being violated. Under *Haynes v. United States*, 390 US 85 - Supreme Court 1968, it is clear that Plaintiff's Fifth and 14t Amendment rights are in jeopardy. In addition, much of the Public Act is unconstitutionally vague. *US v. Davis,* 139 S. Ct. 2319 - Supreme Court 2019; *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250, 254 (6th Cir. 1994).

Plaintiffs, for their part stand to suffer irreparable constitutional violations.  Defendants, for their part, have no legitimate interest in enforcing a statute that violates the Constitution, and will suffer no hardships in being prevented from doing so.  The third test is satisfied.

**The injunction serves public interest.**

There is no public interest in violating the Constitution.  There is great public interest in enforcing the rights of the people under the constitution.

## ARGUMENT

When a state law infringes on the fundamental Second Amendment right to keep and bear arms for self-defense, it must satisfy a very high level.  See *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 142 S. Ct. 2111 - Supreme Court 2022.  Under *Bruen,* the Supreme Court made clear that they two part test used by some courts is "one step to many."  The proper test is the historical analysis restated in *Bruen.*

Likewise, the Fifth Amendment rights against self incrimination, and against vague statutes, kills the Public Act, simply on different grounds.  The entire Act is a classic example, of the Illinois Legislature, wanting a given result, without regard to whether the Act makes sense, or passes constitutional muster.

## RELIEF REQUESTED

For purposes of this motion, Plaintiff requests that Defendants both be enjoined from enforcing the Public Act requirements on both named Plaintiffs specifically, and generally in Illinois, until such time as the Court has a chance to finally rule on the merits of this case.

## CONCLUSION

For the foregoing reasons, this Court should preliminarily enjoin Defendants, and all those in concert with them, from enforcing the Public Act 102-1116, until further order of the Court.

**Dated:**  1-24-2022                                                             Respectfully Submitted,

By:s/Thomas G. Maag


Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095
Phone:  618-216-5291
tmaag@maaglaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed using the CM/ECF system, which will send notification to all registered users, and a copy was mailed to the following non-registered user, via US Mail,

State's Attorney
Crawford County Courthouse
105 Douglas St.
Robinson, IL 62454

Dated:  1-24-2023                                                             Bys/Thomas G. Maag