IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY W. LANGLEY, TIMOTHY B. JONES, and MATTHEW WILSON,<br><br>　　Plaintiffs,<br><br>v.<br><br>BRENDAN KELLY, in his official capacity as Director of the Illinois State Police, and COLE PRICE SHANER, in his official capacity as State's Attorney of Crawford County, Illinois,<br><br>　　Defendants. | No. 3:23-cv-192 |

## MOTION TO CONSOLIDATE

So far, four cases challenging the State's recently enacted law addressing assault weapons and large capacity magazines are pending in the Southern District of Illinois. Defendant Brendan Kelly, in his official capacity as Director of the Illinois State Police, by and through his attorney, Kwame Raoul, Attorney General of the State of Illinois, moves pursuant to Federal Rule of Civil Procedure 42(a)(2) to consolidate this case with the three other actions pending before this Court, and states as follows:

1.　On January 13, 2023, Plaintiffs filed this action in Crawford County, Illinois alleging their Second, Fifth, and Fourteenth Amendments rights are violated by the Protect Illinois Communities Act, Public Act 102-1116. Doc. 1-1. Plaintiffs allege that being required to register their ownership of assault weapons violates their right against self-incrimination; that the Act's prohibitions related to assault weapons and large capacity magazines violate the Second Amendment; and that certain provisions of the Act are unconstitutionally vague in violation of the

1

Fourteenth Amendment. On January 23, 2023, Defendant Kelly removed this case to federal court. Doc. 1.

2. Three additional cases have been filed with this Court that involve a common question of law or fact with this case: *Harrel, et al. v. Raoul, et al.*, USDC SDIL No. 23-141-SPM (filed on January 17, 2023); *Federal Firearms Licensees of Illinois, et al. v. Pritzker, et al.*, USDC SDIL No. 23-215-JPG (filed January 24, 2023); and *Barnett, et al. v. Raoul, et al.*, USDC SDIL No. 23-209-JPG (filed January 24, 2023). Each case alleges that the Act's restrictions on the purchase and sale of assault weapons and large capacity magazines violate the Second Amendment.

3. In *Harrel*, plaintiffs bring a one-count complaint alleging that the provisions of the Act prohibiting purchase and sale of assault weapons and large capacity magazines violate their rights under the Second and Fourteenth Amendments. 23-141-SPM Doc. 1.

4. In *Federal Firearms Licensees of Illinois*, plaintiffs seek declaratory and injunctive relief based on their claims that the provisions of the Act prohibiting purchase and sale of assault weapons and large capacity magazines violate their rights under the Second and Fourteenth Amendments. 23-215-JPG Doc. 1.

5. In *Barnett*, plaintiffs bring a two-count complaint alleging that the provisions of the Act prohibiting possession of assault weapons and large capacity magazines violate their rights under the Second Amendment. 23-209-JPG Doc. 1.

6. A court may consolidate actions that "involve a common question of law or fact . . . ." Fed. R. Civ. Pro. 42. Whether to consolidate is within the discretion of the court. *Fellowes, Inc. v. ACCO Brands Corp.*, 830 F. Supp. 2d 452, 459 (N.D. Ill. 2011). Consolidation should be granted when it will prevent unnecessary duplication of litigation and promote judicial

economy, and will not complicate the issues or prejudice any party. *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514–15 (N.D. Ill. 1972). Consolidation is "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court . . . ." *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999).

7. This case shares a common, controlling question of law with *Harrel*, *Federal Firearms Licensees of Illinois*, and *Barnett*—whether the Protect Illinois Communities Act's restrictions on the purchase and sale of assault weapons and large capacity magazines violate the Second Amendment. Consolidating the cases will prevent unnecessary duplication of litigation in four different cases, promoting judicial economy. And as each case is at the initial stages of litigation, no party will be prejudiced by the consolidation.

8. This Court typically consolidates cases into the lower-numbered case, which is typically the earlier-filed case. In this instance, however, the present case was initiated in state court on January 13, 2023—before *Harrel*, *Federal Firearms Licensees of Illinois*, and *Barnett* were filed on January 17, 24, and 24, respectively—and removed on January 23. In comparable circumstances involving removed cases, this Court has consolidated into the higher-numbered case. *See Spurgeon v. Pac. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 106366, *4 (S.D. Ill. Feb. 6, 2007) (consolidating into the higher-numbered case because lower-numbered case may have been removed prematurely). Because this case was the first-filed in any forum, state or federal, Defendant Brendan Kelly respectfully requests that *Harrel*, *Federal Firearms Licensees of Illinois*, and *Barnett* be consolidated here.

9. This motion is being served on all counsel of record in this matter, and each matter that Defendant is seeking to consolidate.

WHEREFORE, for the above and foregoing reasons, Defendant Brendan Kelly requests that this Court consolidate *Harrel, et al. v. Raoul, et al.*, USDC SDIL No. 23-141-SPM; *Federal Firearms Licensees of Illinois, et al. v. Pritzker, et al.*, USDC SDIL No. 23-215-JPG; and *Barnett, et al. v. Raoul, et al.*, USDC SDIL No. 23-209-JPG into this case.

Dated: January 26, 2023

Respectfully submitted,

/s/ Laura K. Bautista
Laura K. Bautista, ARDC No. 6289023
*Assistant Chief Deputy Attorney General*
Office of the Attorney General
500 S. Second Street
Springfield, IL 62701
(217) 782-5819
Laura.Bautista@ilag.gov

*Langley, et al. v. Kelly, et al.*, **SDIL 23-192**

### CERTIFICATE OF SERVICE

I certify that on January 26, 2023, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Additionally, I caused a copy of the foregoing to be sent via email to the following:

David G. Sigale
dsigale@sigalelaw.com
Counsel for Plaintiffs in *Harrel*, 23-141-SPM

Gary Pinter
gpinter@smbtrials.com
Counsel for Plaintiffs in *Barnett*, 23-209-JPG

Mark L. Shaw
mlshaw@shawlawltd.com
Jennifer Craigmile Neubauer
jcneubauer@shawlawltd.com
Michael A. Danforth
michael@danforthlawgroup.com
Counsel for Plaintiffs in *Federal Firearms Licensees of Illinois*, 23-215-JPG

/s/ Laura K. Bautista
Laura K. Bautista
Assistant Chief Deputy Attorney General

4